UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERDMAN COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12MC00050AGF |
| | ) | |
| PHOENIX LAND & ACQUISITION, LLC, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of non-parties CBIZ and its employees, John Rimar and Linda Atkinson, to quash two subpoenas served on CBIZ by Defendants Phoenix Land & Acquisition LLC (PLA) and Phoenix Health LLC (Phoenix). The subpoenas command Rimar and Atkinson to testify at depositions originally scheduled for October 29, 2012. CBIZ has moved to quash the subpoenas pursuant to Federal Rule of Civil Procedure 45(c)(3)(B)(ii). For the reasons set forth below, CBIZ's motion to quash will be denied.

**Background**

The subpoenas relate to a suit pending in the United States District Court for the Western District of Arkansas that involves a dispute between Plaintiff Erdman Company and Defendants under an agreement for Erdman to design and construct a hospital building for PLA on certain property leased from Phoenix. Erdman did not complete construction of the hospital building, and disputes arose over alleged acts and omissions

by Erdman and its subcontractors. Defendants asserted a counterclaim based upon Erdman's allegedly defective work and seek damages in excess of $45,000,000. Their alleged damages include diminution in value of the real property, the partially constructed building, and the hospital business.

After the underlying lawsuit was filed, Mercy Health, a non-party, purchased the real property, the partially constructed hospital building, and other medical facilities on the site. In connection with this purchase, Mercy Health engaged and paid CBIZ to prepare valuation reports related to the real property, the hospital and the medical facilities. Defendants allege that those reports were the primary basis for establishing the purchase price Mercy paid, and therefore, that the reports and the inquiries and assumptions relating to their preparation are relevant to the issue of damages.

On January 12, 2012, PLA issued a document subpoena on CBIZ, requesting the production of the valuation reports prepared by CBIZ in conjunction with the sale to Mercy Health. CBIZ produced the reports subject to a stipulated confidentiality agreement. On October 8, 2012, the Phoenix Defendants served deposition subpoenas on CBIZ senior staff members, Linda Atkinson and John Rimar, the individuals who prepared and signed the reports. Pursuant to the undisputed declaration offered by Defendants, there is no known source for information regarding the preparation of the reports other than Ms. Atkinson and Mr. Rimar. (Tricker Decl. ¶¶ 10, 13.)

On Friday, October 26, 2012, counsel for CBIZ notified Defendant Phoenix's counsel that the subpoenants would not appear for the October 29, 2012 deposition and

2

that a motion to quash had been filed. Defendant Phoenix's counsel has represented that the depositions were intended to obtain testimony only regarding the actual valuations that had been prepared with regard to the sale to Mercy Health of the properties that are the subject of the lawsuit. In addition, Defendants represent that they are willing to pay a reasonable hourly rate to the witnesses for their depositions.

**Arguments of the Parties**

CBIZ moves pursuant to Federal Rule of Civil Procedure 45(c)(3)(B)(ii) which requires a court to quash "an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party." CBIZ characterizes these subpoenas as an impermissible attempt to obtain expert testimony without hiring expert witnesses and asserts that the information sought is an "expert opinion" that has nothing to do with an "occurrence in dispute" and "was not requested by a party." Fed. R. Civ. P. 45(c)(3)(B)(ii).

Defendants oppose the motion to quash asserting that the testimony sought relates to the preparation of valuation reports for the real property and health care practice that are the subject of the underlying lawsuit, is relevant and necessary to establish the diminution in value for purposes of damages and is not sought in lieu of expert testimony. They further assert that the testimony sought is primarily factual and relates exclusively to work they did on actual valuations of property at issue in this case, not to the formation of new opinions regarding the value of the properties. Finally, they note that to the extent there is opinion testimony intertwined with the factual testimony, there is no possible

3

"taking of intellectual property" in this case because there is no indication that the subpoenants were not fully compensated at the time they prepared the reports.

In the alternative, Defendants contend that even if the provisions of Rule 45(c)(3)(B)(ii) are applicable here, Rule 45(c)(3)(C) specifically provides that a court may modify rather than quash a subpoena upon a showing of "substantial need for the testimony or material that cannot be otherwise met without undue hardship" if a court "ensures that the subpoenaed person will be reasonably compensated." Defendants urge the Court to allow the testimony on this basis. Specifically, Defendants assert that they are unable to otherwise obtain information about the value of the properties at the time relevant to the suit. They contend that no other witness can testify about what was actually done or what assumptions were made during the preparation of the reports.

**Applicable Law**

Rule 45 was designed to provide "appropriate protection for the intellectual property of the non-party witness" because "compulsion to give evidence may threaten the intellectual property of experts denied the opportunity to bargain for the value of their services." Fed. R. Civ. P. Rule 45, Advisory Committee's Note. Rule 45(c)(3)(B)(ii) protects experts from being required to provide expert advice or assistance without proper compensation. *See Friedland v. Tic-the Indus. Co.*, No. 04-CV-01263, 2006 WL 2583113, at *2 (D. Colo. Sept. 5, 2006). A district court is permitted, but not required, to quash or modify a subpoena if the elements of Rule 45(c)(3)(B)(ii) are present. *See In re Pub. Offering PLE Antitrust Litig.*, 233 F.R.D. 70, 76 (D. Mass. 2006).

With respect to the required demonstration of undue hardship necessary to overcome a motion to quash under Rule 45, "a party must show that the substantial equivalent cannot be obtained through other means. Where a witness is unavailable or where contemporaneous statements have been made that cannot be reproduced, courts will often order the production. . . ." *Friedland*, 2006 WL 2583113, at *3.

The following factors should inform a court's exercise of discretion to allow testimony to be compelled from an un-retained witness: the degree to which the expert is being called to provide relevant factual testimony rather than opinion testimony; the extent to which the testimony relates to a previously formed or expressed opinion rather than a new one; the possibility that the witness is a unique expert; the extent to which the calling party is able to show that no comparable witness is available; and the hardship, if any, to the potential witness. *See In re Pub. Offering PLE Antitrust Litig.*, 233 F.R.D. at 76; *Bio-Tech. Gen. Corp. v. Novo Nordisk*, 2003 WL 21057238, at *3 (D. Del. May 7, 2003).

**Analysis**

Upon review of the parties' submissions, the Court concludes that although Rule 45(c)(3)(B)(ii) is applicable here, the subpoenas should not be quashed, but should be modified because Defendants have shown that the information sought is not available elsewhere without undue hardship and the factors favoring enforcement of the subpoena are present here.

Movants assert and the Court agrees that the subpoenas were prepared by an

5

unretained expert, CBIZ, at the behest of a non-party, Mercy Health, as required for the operation of Rule 45(c)(3)(B)(ii). Movants further assert that the subpoenas should be quashed pursuant to the Rule because the testimony sought does not relate to the occurrence or event in dispute. They characterize the event in dispute as the construction project itself. Defendants assert that the relevance of the requested testimony to the diminution in value of the property and to damages, satisfies the requirement that it relate to the occurrence or event in dispute.

The Court need not resolve this dispute because Defendants have shown substantial need for this testimony. They contend and movants do not assert otherwise, that testimony regarding the manner in which the valuations were prepared can be obtained only from the parties who prepared them. The subpoenas have been served on the very parties who authored the valuations and there is no assertion by CBIZ that there are other witnesses who could provide the requested testimony.

Taking into consideration the factors relevant to the compulsion of the testimony, the Court concludes that they weigh in favor of upholding the subpoena. Defendants assert that they seek primarily factual testimony or testimony related to opinions already formed; the witnesses have unique knowledge of the circumstances and assumptions related to the valuations; there is no burden associated with their appearance because Defendants are willing to compensate them to explain their previously formed opinions; and there is no indication in the record that the witnesses will be deprived of their intellectual property without compensation. The Court is satisfied that if the scope of the

depositions is limited to factual information and previously formed opinions and the witnesses are compensated for their time in testifying, that the concerns set forth in Rule 45 will be addressed.

Accordingly, the Court will allow the subpoena, modified to restrict the scope of the depositions to factual information, the opinions or valuations already formed, and the circumstances and assumptions upon which they were based. In addition, Defendants will be required to compensate the witnesses for their time in the depositions in accordance with the offer previously extended to them by Defendants' counsel.

Accordingly,

**IT IS HEREBY ORDERED** that CBIZ's motion to quash (Doc. No. 1) is **GRANTED in part** and **DENIED in part**, as set forth above.

**IT IS FURTHER ORDERED** that the depositions shall proceed, but their scope shall be restricted and the witnesses compensated in accordance with the directives set forth in this Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2012.